UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YU HIN CHAN,<br><br>                    Plaintiff,<br><br>     -against-<br><br>JOY F. CAMPANELLI; CHRISTOPHER GIBSON,<br><br>                    Defendants. | 25-CV-2981 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Brooklyn, New York, brings this action, *pro se*, against Judge Joy F. Campanelli, a Kings County Supreme Court judge presiding over Plaintiff's state court matter, and Christopher Gibson, the Director of the Division of E-Filing for the Office of Court Administration ("OCA") of the New York State United Court System. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the general venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges the following facts in his complaint. Judge Campanelli, who is presiding over a Kings County matter in which Plaintiff is a defendant, "forged multiple NYSCEF documents to cover up her conspiracy." (ECF 1, at 1.) He further claims that "OCA kept a blind eye on [Judge] Campanelli's illegal behavior and failed to do any investigation." (*Id.* at 3.) Plaintiff does not plead the residence of Defendants.

Plaintiff previously sued Judge Campanelli in an action filed in the United States District Court for the Eastern District of New York, *Chan v. Campanelli*, No. 24-CV-8110 (RPK) (JRC) (E.D.N.Y. Jan 16, 2025) ("*Chan I*"). In that action, the Eastern District dismissed the claims brought against her as barred by sovereign and judicial immunity. *See id.* ECF 4. In this action, Plaintiff claims that in *Chan I*, the Eastern District "exposed [Judge Campanelli's] conspiracy." (*Id.* at 2.)

Under Section 1391(b)(1), venue may not be proper in this district because the Defendants' residence is unknown at this stage. Even if the Court did assume that one of the defendants resided in this District, and that venue is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred in Kings County, venue also would be proper under Section 1391(b)(2) in the Eastern District of New York.

Even when venue is proper in the district where a case was filed, the court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's

2

familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. Plaintiff resides in Brooklyn, and the underlying events occurred in Brooklyn, which is in the Eastern District of New York. 28 U.S.C. § 112(c). Moreover, Plaintiff already litigated *Chan I* in the Eastern District. For these reasons, the Eastern District appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes the case in this district.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 22, 2025
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge